Robert **PUCCI**, Plaintiff–Appellant,

v.

**BASF CORPORATION**, Defendant–Appellee.

No. 01–3766.

United States Court of Appeals, Sixth Circuit.

Dec. 23, 2002.

---

Before SILER and MOORE, Circuit Judges; and MCKINLEY, District Judge.[*]

* The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

1. Pucci received only the highest two ratings, "Exceptional Quality Performance" and "Quality Performance" on these reviews, as well as many positive comments regarding his work.

SILER, Circuit Judge.

Plaintiff Robert Pucci appeals the district court's entry of summary judgment in favor of defendant BASF Corporation ("BASF") on his claims alleging age discrimination and violation of Ohio public policy in the failure to hire him for various positions for which he applied after his termination. For the following reasons, we AFFIRM.

## BACKGROUND

Pucci was born in 1937; he was nearly fifty years old when he began working as a Technical Sales Representative for BASF, in its Container Coatings department, in 1987. He worked satisfactorily in this position for ten years. Pucci testified that he was never disciplined, reprimanded, or suspended, and his annual performance and development reviews reveal consistently high ratings.[1] In 1997, the employees of the Container Coatings department were notified that the department was being acquired by another company, PPG, Inc. ("PPG"), and that certain "individuals critical to the success of this Container Coatings acquisition will be offered employment with PPG." Pucci took steps to seek other employment within BASF, availing himself of the company's internal job postings. Pucci never received any response to any of the applications he submitted, nor did he receive a job offer from PPG. He was notified that his position was being eliminated and that his last date of effective employment would be December 1, 1997. He received severance pay and chose to retire.

Pucci filed suit in federal district court, which granted summary judgment to

BASF on Pucci's claims asserting discrimination and the violation of Ohio public policy in his termination and BASF''s failure to hire him for another position within the company. With regard to the claims based upon the termination of Pucci's employment, the court found those claims foreclosed because Pucci's position in the Container Coatings department at BASF was not filled after his termination; he was not replaced. The court reasoned that he could not prove a claim under the Age Discrimination in Employment Act ("ADEA"), absent direct evidence of age discrimination, which he had not produced. The court also noted that BASF had introduced evidence that the termination was the act of PPG, exclusively, and therefore BASF had taken no adverse employment action against Pucci. On these bases, the court found Pucci's claims regarding the termination of his employment precluded, and granted BASF summary judgment on them. On appeal, though Pucci frames the issues with reference to his termination, his arguments address only the district court's rulings on his claims of discrimination and public policy violations in BASF''s failure to hire him for other positions. Accordingly, this court will limit its review to those claims based on the failure to hire.

## STANDARD OF REVIEW

This court reviews *de novo* the district court's grant of summary judgment. *Bush v. Dictaphone Corp.,* 161 F.3d 363, 367–68 (6th Cir.1998). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

## DISCUSSION

### A. The Failure to Hire

This court has held that, in order to state a *prima facie* case of discrimination in failure to hire, a plaintiff is required to show that: (1) he was a member of a protected class; (2) he applied and was qualified for the position in question; (3) he was considered and denied the position; and (4) he was rejected in favor of a substantially younger person with similar qualifications. *Betkerur v. Aultman Hosp. Ass'n,* 78 F.3d 1079, 1095 (6th Cir.1996).[2] The district court held Pucci to a more lenient standard, noting that there was no mention of the requirement that the selectee have "similar qualifications" to the plaintiff's in *Bush,* 161 F.3d at 368. Using this framework, the district court held that Pucci proved a *prima facie* case of discrimination, but also held that BASF had articulated a legitimate reason for its failure to hire him for any of these positions— the superior qualifications of the selected candidates. Thus, the burden shifted to Pucci to identify evidence tending to show that BASF's stated reason was pretextual. Ruling that Pucci failed to meet this burden, the district court granted summary judgment to BASF.

Specifically, the district court analyzed whether BASF's proffered reason for its

---

**2.** *Betkurer* enunciated the fourth prong as requiring that the plaintiff be rejected in favor of another person with similar qualifications who is not a member of the protected class. *See id.* Shortly after *Betkerur* was decided, however, the Supreme Court clarified in *O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 312–13, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996), that the correct requirement for gauging age discrimination is for the person selected to be "substantially younger" than the plaintiff. This court has since incorporated that language into the articulation of the *prima facie* requirements. *See Bush,* 161 F.3d at 368.

hiring decisions, the superior qualifications of the selected candidates, was unworthy of belief or lacked a basis in fact.[3] In asserting that BASF's explanation had no basis in fact, Pucci did not attempt to show that the qualifications listed by the selected candidates were somehow false; rather, he asserted that they were not superior to his own. Thus, the district court was compelled to assess whether Pucci set forth facts, or any genuine dispute over such facts, which would allow a reasonable trier of fact to find that the selectees' qualifications were not superior. The district court was correct in concluding that Pucci failed to make this showing.

Pucci contends that he did present at least a question of fact regarding whether he was as qualified or more qualified than the successful candidate for each position for which he applied. To support this argument, he summarizes the stated qualifications listed in the open position notices for each position for which he applied, and sets forth his own qualifications which he deems pertinent. This process, however, reveals the deficiencies in Pucci's argument. For example, the first stated qualification for the position of Technical Sales Representative in the Coating Raw Materials–NVE department is "a BS degree in chemistry or related field." Pucci recites this requirement, and states that he has "a B.S. degree in management and over forty years of work experience in a related field." Although Pucci appears not to acknowledge his failure to meet the requirement as stated, the district court noted that Gary Sadowski, who was selected for the position, had a chemistry degree,

whereas Pucci did not. Further, Pucci omits one of the stated qualifications for this position, requiring that the candidate possess "a thorough knowledge of the Paints & Coatings Industry ... along with directly related sales experience."

Pucci's summations with regard to the other positions likewise suffer from these defects. He states the requirements of the position (sometimes omitting one or more stated requirements), then states his qualifications, without specifically discussing how each of his qualifications relates to the requirement, or how they render him as qualified or more qualified than the selected candidate. Pucci does make the bare assertion, with regard to each selectee, that questions of fact exist as to whether that selectee meets certain of the stated requirements for his or her position. Yet again, these conclusory assertions are unsupported by specific facts. For example, with regard to the position of Technical Sales Representative in the Coating Raw Materials–NVE department, for which Sadowski was hired, Pucci does finally acknowledge the requirement that the candidate have a thorough knowledge of the paints and coatings industry and directly related sales experience, which he had omitted to mention in his initial brief. He further asserts that, while Sadowski was employed with PS Stevens (a manufacturer of ultraviolet curing coats), there remains a genuine issue of material fact as to whether Sadowski possessed the requisite knowledge and experience. Pucci fails to address, however, just how his own qualifications establish that he meets this particular requirement.

---

3. "To make a submissible case on the credibility of his employer's explanation, the plaintiff is 'required to show by a preponderance of the evidence either (1) that the proffered reasons had no basis *in fact,* (2) that the proffered reasons did not *actually* motivate [the adverse employment decision], or (3) that

they were *insufficient* to motivate [the adverse employment decision].' " *Manzer v. Diamond Shamrock Chemicals Co.,* 29 F.3d 1078, 1084 (6th Cir.1994) (emphasis in original) (quoting *McNabola v. Chicago Transit Authority,* 10 F.3d 501, 513 (7th Cir.1993)).

Having reviewed Pucci's and BASF's arguments regarding the other positions for which he applied, it is apparent that the district court correctly concluded that Pucci failed to demonstrate any facts or genuine issues which would allow a reasonable factfinder to conclude that he was as qualified or more qualified than the selected candidates. When analyzed in terms of pretext, Pucci failed to show that BASF's proffered reason for its hiring decisions—the superior qualifications of the selected candidates—is unworthy of belief. This failure renders the decision in *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), distinguishable. In *Reeves*, the plaintiff alleged age discrimination on the part of his employer, which asserted that he had been fired for failure to keep accurate attendance records. *Id.* at 137, 120 S.Ct. 2097. The Court found that Reeves "made a substantial showing that [the employer]'s explanation was false" by (1) "offer[ing] evidence that he had properly maintained the attendance records," and (2) "cast[ing] doubt on whether he was responsible for any failure to discipline late and absent employees." *Id.* at 144–45, 120 S.Ct. 2097. The Court observed that "[i]n appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." *Id.* at 147, 120 S.Ct. 2097. Here, however, Pucci has offered no evidence tending to show the falsity of BASF's stated reasons for preferring other candidates over him. The district court was correct in concluding that Pucci failed to make any showing indicating that BASF's explanation for its failure to hire him lacked a basis in fact.[4]

## B. Violation of Ohio Public Policy

The district court correctly observed that an Ohio common-law claim for violation of public policy must be based upon the termination of employment or an act of discipline. *See Evans v. Toys R Us, Inc.*, No. 99–3233, 2000 WL 761803, at *11 (6th Cir. June 2, 2000). Because the court had already held that Pucci could not prove a claim against BASF based upon the termination of his employment, and Pucci had never asserted a claim of discriminatory

---

4. Pucci presents several additional arguments which are without merit. He contends that BASF's failure to interview him for any of the positions for which he applied is evidence of pretext, but he cites no authority for this proposition. He simply cites the fact that he was not interviewed for each position, and that the person who was eventually selected for each was substantially younger than him. Pucci also asserts, without authority, that he can demonstrate pretext by showing that BASF violated its policy of preferring internal candidates by hiring external applicants over him. The district court rejected this argument, finding that Pucci had failed to introduce evidence indicating that this policy outweighed consideration of the candidates' qualifications. Pucci attacks this finding as an impermissible credibility determination and an example of the district court's weighing the evidence in violation of the summary judgment standard. Pointing out a failure of proof, however, does not constitute weighing the evidence. Pucci's assertion does not create a genuine issue tending to show pretext. Finally, Pucci argues that there is an issue of fact as to whether the various decisionmakers knew his age when he submitted his applications and resume. Although the decisionmakers testified that they did not and would not have known Pucci's age, Pucci asserts that they could have deduced it from his resume, which indicates that he graduated from high school in 1956 and had been in the workforce since at least 1974. While these indications may serve to distinguish the cases cited by BASF (which establish that summary judgment is proper where the employer has no knowledge of the plaintiff's protected status at the time it makes the adverse employment decision), they do not create a material issue showing pretext. Moreover, it was disputed at oral argument whether Pucci's resume was actually forwarded to any decisionmaker.

discipline, the district court granted BASF summary judgment on this claim. On appeal, Pucci fails to discuss this holding; instead, he summarizes the elements of the claim, and asserts that if he succeeds in proving his age discrimination claim, he will also have proven all the elements of a claim for wrongful discharge in violation of Ohio public policy. Since Pucci has neither acknowledged nor addressed the district court's reasoning—specifically its finding that his termination was the act of PPG, rather than BASF—the grant of summary judgment to BASF on this claim should be upheld.

AFFIRMED.